IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERNELL STROMAN, | : |
| Petitioner, | : |
| v. | : C.A. No. 22-1541-GBW |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## MEMORANDUM

### I. INTRODUCTION

Petitioner is an inmate at the James T. Correctional Center in Smyrna, Delaware. He has filed a blank form application for habeas relief along with papers which appear to be challenging a foreclosure and other unidentified legal proceedings. He asserts that the Delaware courts lacked jurisdiction over his proceedings because he is a "Moorish American." (D.I. 5; D.I. 6)

## II. STANDARD OF REVIEW

A district court may entertain a petition for a writ of habeas corpus on behalf of someone in custody pursuant to the judgment of a state court only on the ground that his custody violates the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Notably, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

Although not entirely clear, Petitioner appears to be challenging a foreclosure and issues concerning a trust and mortgage; the relief he seeks is a "full accounting." (D.I. 5; D.I. 7) He does not identify or challenge the state criminal proceeding for which he is incarcerated, and he does not ask to be released from his incarceration. These deficiencies in Petitioner's pleadings provide a sufficient basis for summary dismissal.

Nevertheless, to the extent Petitioner may challenging the validity of his criminal conviction, and is arguing that the Delaware courts lacked jurisdiction to convict him because he is of Moorish descent, his argument has no basis in law or fact. Regardless of Petitioner's nationality or religion, he is subject to the laws of

the jurisdiction in which he resides. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 applications); *see, e.g., Jones-Bey v. Alabama,* 2014 WL 1233826, at *3 (N.D. Ala. Mar. 25, 2014) ("There is no basis in the law for such a claim" that the State of Alabama did not have jurisdiction to prosecute and imprison petitioner based on his ancestry as a "Moorish American."); *Bey v. Bailey,* 2010 WL 1531172, at *4 (S.D.N.Y. Apr. 15, 2010) ("the suggestion that Petitioner is entitled to ignore the laws of the State of New York by claiming membership in the Moorish-American nation is without merit and cannot be the basis for habeas relief."); *Osiris v. Brown,* 2005 WL 2044904, at *2-*3 (D. N.J. Aug. 24, 2005); *see also Byrd v. Blackman,* 2006 WL 2924446, at *1 n.1 (E.D. Pa. Oct. 5, 2006) (explaining the background of the Moorish beliefs). Therefore, Petitioner's status as a "Moorish American" does not provide a viable challenge to any criminal conviction he may be challenging.

For these reasons, the Court will summarily dismiss the instant Petition because Petitioner has failed to assert a basis for federal habeas relief.

## IV. CONCLUSION

Accordingly, the Court will summarily dismiss Petitioner's § 2254 Petition.

3

The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: February 2nd, 2023

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

4